# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRADE VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:18-cv-01042-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his applications for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

At a hearing on July 25, 2019, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the opinion of the Administrative Law Judge ("ALJ") on the ground

that the ALJ failed to develop the record and obtain an assessment of Plaintiff's mental limitations from a treating or examining source, improperly relying upon his own lay interpretation of the medical data to incorporate work limitations based on Plaintiff's impairments.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (internal citations omitted) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them."). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citations omitted). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari 276 F.3d 453, 459–460 (9th Cir. 2001).

Here, the ALJ found that Mr. Vasquez has severe impairments of generalized anxiety disorder and bipolar disorder. (A.R. 16). Although the non-examining disability determination service consultants found Mr. Vasquez's mental impairments to be non-severe, the ALJ disagreed with their conclusions. The ALJ then set forth an RFC he believed accounted for limitations from Plaintiff's impairments, as stated below:

> Overall, Dr. Barrons concluded the claimant's mental medically determinable impairments are stable and do not impose more than mild limitations when the claimant complies with treatment and sobriety (Exhibit 3A).
>
> I accord great weight to the Disability Determination Service assessments as these gave adequate consideration to the claimant's allegations, treatment responses, activities of daily living, and subjective reports throughout the record. While I find the claimant's symptoms do impose significant limitations when he experiences life stressors, these do not cause greater than moderate limitations in any area of mental functioning. The claimant remains somewhat paranoid and

> anxious under certain circumstances, which would most certainly affect his ability to sustain meaningful work activity under all conditions. Therefore, the established residual functional capacity accounts for these conditions and the claimant's documented responses and symptom exacerbation.
>
> Considering the opinion evidence with the treatment history, I agree with the Disability Determination Service conclusions that the claimant's ability to perform activities of daily living and care for his children are generally intact; however, his difficulties with social functioning and managing himself have been consistent throughout the evidentiary history. Therefor, I find moderate limitations with social functioning and adapting/managing himself, which cause work-related functional restrictions with dealing with coworkers, supervisors, and the public as well as with his ability to perform more than unskilled job tasks.

(A.R. 25). In other words, the ALJ disagreed with the State consulting physicians' conclusions and found that Mr. Vasquez's mental impairments would result in work-related restrictions. Without relying on any medical opinion regarding what work-related restrictions would be appropriate for such impairments, the ALJ added limitations to the RFC regarding contact with supervisors, coworkers and the general public, and unskilled work involving SVP 1 or SVP 2 type tasks, and concluded these limitations were sufficient to address Mr. Vasquez's mental impairments.

As an initial matter, the Commissioner argues that Plaintiff has waived this argument by failing to raise the issue at the administrative hearing, citing Shaibi v. Berryhill 883 F.3d 1102, 1109 (9th Cir. 2017), which held "when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel. Specifically, our holding encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH." Id. at 1109 (footnote omitted). The Ninth Circuit explained as follows:

> Several previous decisions compel our holding today, particularly Meanel v. Apfel, 172 F.3d 1111 (9th Cir. 1999), as amended (June 22, 1999). Meanel held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Id. at 1115. We so held in light of the fundamental principle that an agency, its experts, and its administrative law judges are better positioned to weigh

conflicting evidence than a reviewing court. "The ALJ, rather than this Court, was in the optimal position to resolve the conflict between Meanel's new evidence and the statistical evidence provided by the VE." Id. That principle applies here with force.

Shaibi contends that Meanel was overruled by the Supreme Court's subsequent holding that "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." Sims v. Apfel, 530 U.S. 103, 112, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). Sims does not control this case. Sims concerned only whether a claimant must present all relevant issues *to the Appeals Council* to preserve them for judicial review; the Court specifically noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us." Id. at 107, 120 S.Ct. 2080. Here, Shaibi did not present the job-numbers issue before the ALJ *or* the Appeals Council. In light of the Court's express limitation on its holding in Sims, we cannot say that that holding is "clearly irreconcilable" with our decision in Meanel, and Meanel therefore remains binding on this court with respect to proceedings before an ALJ. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Our holding is consistent with the plain language of the Social Security Act. The Act states that a reviewing court presented with new evidence may remand to the agency for consideration of that evidence, but only upon a showing of "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Not only has Shaibi failed to demonstrate good cause, he has provided no explanation at all for his failure to challenge the VE's job numbers during administrative proceedings.

Shaibi v. Berryhill 883 F.3d 1102, 1109 (9th Cir. 2017). The relevant part of Meanel, relied upon in Shaibi, states as follows:

Even if she can perform the surveillance systems monitor position, Meanel asserts that there is an insufficient number of these jobs in the local area. Meanel relies on new statistics that she admittedly failed to raise at both her hearing before the ALJ and the Appeals Council. We have held that appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court. See Avol v. Secretary of Health & Human Serv., 883 F.2d 659, 660 (9th Cir.1989). Meanel attempts to evade this well-established rule by claiming that Avol involved Medicare benefits and that this Circuit has never published an opinion applying the waiver rule in a Social Security benefits case. Meanel argues that it would be unfair to apply the waiver rule in her case because disability benefits hearings are non-adversarial in nature. This fairness argument might be more persuasive if Meanel had not been represented by counsel. Yet she was represented by counsel who knew that all relevant evidence should have been brought to the ALJ's attention. We now hold that, at least when claimants are

> represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. The ALJ, rather than this Court, was in the optimal position to resolve the conflict between Meanel's new evidence and the statistical evidence provided by the VE. We will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice, which will not occur here.

Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) as amended (June 22, 1999).

This is not the situation addressed in Shaibi v. Berryhill 883 F.3d 1102 (9th Cir. 2017), which, again, specified that its holding concerned "challenges based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH." Id. at 1109 (footnote omitted). Nor is it analogous to the situation in Meanel, which concerned new statistical evidence not available to the ALJ. Here, Mr. Vasquez is not presenting additional evidence or information not available to the ALJ. Thus, the reasoning given in Shaibi and Meanel, that the ALJ is in the best position to resolve conflicts of evidence, does not apply here. Additionally, the circumstances set forth in Shaibi do not clearly apply where the ALJ has an independent duty, as it does with the duty to develop the record. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel."). The Court thus declines to find that the issue has been waived.

Turning to the merits of the issue, the question is whether the ALJ erred in failing to develop the record by obtaining a physician's opinion as to the work-place limitations that would follow from Mr. Vasquez's impairments, and relatedly whether the ALJ's RFC was supported by substantial evidence without such an opinion.

Although not binding, the Court finds the case of Molina v. Berryhill, No. 2:17-CV-01991 CKD, 2018 WL 6421287 (E.D. Cal. Dec. 6, 2018), to be helpful. The Court in that case remanded the case to the ALJ to obtain a consultative examination by a physician who had access to plaintiff's medical records through the May 2014 incident and its aftermath, explaining as follows:

> While the ALJ discussed the medical evidence subsequent to plaintiff's May 2014 attack and injuries, she made an independent evaluation of the diagnosed

impairments on plaintiff's ability to work on a function-by-function basis. See Stevenson v. Colvin, 2:15-cv-0463 CKD (E.D. Cal. Oct. 27, 2015), at 6-7. The ALJ found the effects of any such impairments negligible, such that they did not alter the February 2014 functional assessment of Dr. Crowhurst. Under the circumstances, however, the ALJ's duty to further develop the record was triggered, warranting a consultative examination by a physician who had access to plaintiff's medical records through the May 2014 incident and its aftermath. See Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion ... and must not succumb to the temptation to play doctor and make ... independent medical findings."). In Stevenson, supra, the undersigned concluded from similar facts that "the ALJ improperly interpreted the treating records that were available and made an RFC determination based on that raw medical data. Accordingly, the ALJ committed prejudicial error that invalidated his physical RFC findings." Id. at 8 (collecting cases); see also Rivera v. Berryhill, 2017 WL 5054656, *4 (C.D. Cal. Oct. 31, 2017) (ALJ "may not act as his own medical expert as he is 'simply not qualified to interpret raw medical data in functional terms' "), quoting Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

Based on the foregoing, the undersigned concludes that the RFC is not supported by substantial evidence and plaintiff is entitled to summary judgment on this basis.

Id. at *4. The court in Shipp v. Colvin, No. CV 13-9468 JC, 2014 WL 4829035 (C.D. Cal., Sept. 26, 2014) held similarly. Id. at *7 ("Since, apart from Dr. Kim's Opinions, the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record.").

The Court comes to the same conclusion in this case. The ALJ ultimately rejected the Disability Determination assessments by finding that "[t]he claimant remains somewhat paranoid and anxious under certain circumstances, which would most certainly affect his ability to sustain meaningful work activity under all conditions." (A.R. 25). The ALJ then went on to make his own assessment of how Mr. Vasquez's impairments would affect his ability to work.

The Court finds that the ALJ's RFC is not supported by substantial evidence in that there is an insufficient basis to conclude that the RFC's limitations accurately reflect the work limitations associated with the mental impairments found by the ALJ. Specifically, the ALJ erred by failing to fully develop the record by obtaining an appropriate medical opinion regarding what

work-related limitations arise from Mr. Vasquez's mental impairments.

The Court thus directs the ALJ upon remand to further develop the record by obtaining a consultative examination by a physician regarding Mr. Vasquez's impairments of generalized anxiety disorder and bipolar disorder and obtaining that physician's opinion regarding what work-related limitations are necessary to account for these impairments. With the benefit of that opinion, the ALJ shall reconsider his conclusion that there are jobs that exist in significant numbers in the national economy that Mr. Vasquez can perform.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **August 6, 2019**

/s/ Eric P. Gross
UNITED STATES MAGISTRATE JUDGE